Lawrence J. King, Esq., #120805
**LAW OFFICES OF LAWRENCE J. KING**
**11 Western Avenue**
**Petaluma, CA 94952**
**Telephone:  707-769-9791**
**Fax:  707-769-9253**
**Email:  kingesq@pacbell.net**

**Attorneys for Plaintiff Anthony Luckey**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| **ANTHONY LUCKEY,** | **CASE NO.** |
| **Plaintiff,** | |
| **v.** | **PLAINTIFF'S COMPLAINT FOR:** <br> **(1) RACE DISCRIMINATION IN VIOLATION OF TITLE VII,** <br> **(2) DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C SECTION 1983;** <br> **(3) RACE DISCRIMINATION IN VIOLATION OF THE FEHA;** |
| **CITY OF PORTERVILLE, and BRUCE SOKOLOFF,** | |
| **Defendants.** | **AND** |
| | **PLAINTIFF'S DEMAND FOR A JURY TRIAL.** |
| | **UNLIMITED CIVIL ACTION.** |

     NOW COMES PLAINTIFF **ANTHONY LUCKEY,** and files this his complaint, demanding a jury trial and alleging the following:

**INTRODUCTION**

     1.    Plaintiff brings this suit to vindicate his right, and the right of all California employees to work in an environment free from race discrimination.  Plaintiff's claim is that Defendant Bruce Sokoloff discriminated against him on the basis of his race because he did not approve of Plaintiff, a Black officer, dating[1] a White female co-worker. Defendant City of

---

[1] Porterville Police Department had neither a policy nor a practice prohibiting co-workers from dating, as long as neither was a supervisor of the other.

PLAINTIFF'S COMPLAINT AND JURY DEMAND

Porterville is strictly liable for Defendant Sokoloff's discriminatory conduct because Defendant Sokoloff used his position and influence as a supervisor to get Plaintiff fired.

## PARTIES AND VENUE

2.      Plaintiff was, at all times relevant herein, a resident of Tulare County, California and a Porterville Police Department employee.

3.      The City of Porterville is Charter City, located in Tulare County California, which is within the jurisdiction of this Court.

4.      Porterville Police Department ("PPD") is a Department of the City of Porterville.

5.      Plaintiff alleges on information and belief that Defendant Sokoloff was, at all times relevant herein, employed by the Porterville Police Department and a resident of Tulare County.

6.      Plaintiff is informed and believes and upon such information and belief alleges that each of the defendants herein was, at all times relevant to the action, an agent, employee, and/or co-conspirator of the remaining defendants and was acting within the course and scope of that relationship.  Plaintiff is further informed and believes and upon such information and belief alleges that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

## JURISDICTION & VENUE

7.      Jurisdiction is proper in this Court under 28 U.S.C. 1331 because two of Plaintiff's causes of action are based on federal statutes.

8.      Venue is proper in this Court because some or all of the acts upon which Plaintiff bases his causes of action took place within the geographic jurisdiction of the United States District Court for the Eastern District of California, Fresno Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff timely filed a complaint with the United States Equal Opportunity Commission ("EEOC") and the EEOC issued Plaintiff a "right-to-sue" notice on January 12, 2023.  The DFEH issued Plaintiff a "right-to-sue" notice on April 6, 2023.

1

**FACTUAL ALLEGATIONS**

2          10.    Plaintiff graduated from the Tulare-Kings Police Academy in February, 2017.

3          11.    In October of 2017, the Tulare County Sheriff's Office hired Plaintiff as a Deputy

4    Sheriff.  Plaintiff worked for the Tulare County Sheriff's Office for three years.

5          12.    By 2019, the Tulare County  Sheriff's Office identified Plaintiff as being a leader

6    and a mentor for new officers. Accordingly, in August, 2019, Plaintiff was provide special

7    training, including Post-Certified Field Officer Training and a class concerning interview and

8    interrogation techniques offered by the Post-Certified Behavior Analysis Training Institute to

9    prepare him to be transferred in September, 2019, to the T.A.G.N.E.T detective unit (Tulare Area

10   Gang and Narcotics Enforcement Team) .

11         13.    In May of 2020, Plaintiff attended and successfully completed SWAT school in

12   Huntington Beach. During his time in TAGNET, Plaintiff was assigned to the South County

13   Detective Unit. He completed several gang packets, which are requested by the Tulare County

14   District Attorney's Office to use for a gang expert testimony in court. He was the lead

15   investigator on several gang related violent crimes and authored dozens of search and arrests

16   warrants resulting in the execution and planning of those operations. He made dozens of entries

17   as a SWAT operator on SWAT call-outs and SWAT operations.

18         14.    Plaintiff often worked side-by-side with officers from the PPD.  Over time, he

19   was contacted by a number of officers and supervisors from the PPD, who told him that his

20   performance was noticed and that he was exactly the type of police officer that their department

21   needed. They encouraged him to apply for a position at the PPD.

22         15.    In the fall of 2020, PPD hired Plaintiff as a patrol officer and repeatedly assured

23   him that, given his training and experience, he would quickly be promoted to detective or

24   assigned to a specialty unit.  For the next few months, Plaintiff was repeatedly told he was doing

25   a great job and the Porterville Police Department was glad he had joined the team.

26         16.    However, after Defendant Sokoloff learned that Plaintiff was dating Porterville

27   Police Officer Ana Moreno, a White female officer, he made clear he did not approve of her

28

3

dating Plaintiff, a Black officer. On multiple occasions, Defendant Sokoloff asked Ms. Moreno inappropriate questions concerning her relationship with Plaintiff and expressed his disapproval. When Ms. Moreno refused to terminate her relationship with Plaintiff, Defendant Sokoloff retaliating against her.

17.     Defendant Sokoloff then used his position as a PPD Sergeant and his influence with the PPD administration to conduct a discriminatory campaign to create a pretext to fire Plaintiff. That campaign included a number of unfounded criticisms and warnings concerning Plaintiff's performance, to wit, after Plaintiff began dating a white, female co-worker, he was written up on at least six occasions.   Defendant Sokoloff ultimately conducted a bogus "investigation" that resulted in Plaintiff's termination.

**FIRST CAUSE OF ACTION: RACE DISCRIMINATION
IN VIOLATION OF TITLE VII
(Against Defendants City of Porterville & Sokoloff)**

18.     Plaintiff incorporates herein the allegations set forth above.

19.     Title VII of the Civil Rights Act of 1964 prohibits discrimination on the basis of a person's race.

20.     As more fully described above, Defendant Sokoloff discriminated against Plaintiff based upon his race by conducting a campaign to get him fired because he did not approve of him dating a white, Hispanic, female co-worker.

21.     Defendant City of Porterville is strictly liable for Defendant Sokoloff's illegal conduct due to the fact that he used his position as a supervisor to get Plaintiff fired.

22.     As a result of Defendant's violations of Title VII of the Civil Rights Act, Plaintiff has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations.

23.     In light of the willful, knowing and intentional retaliation committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

**SECOND CAUSE OF ACTION: DEPRIVATION OF CIVIL RIGHTS
IN VIOLATIONS OF 42 U.S.C SECTION 1983
(Against Defendants City of Porterville & Sokoloff)**

24.     Plaintiff incorporates herein the allegations set forth above.

25.     42 U.S.C. section 1983 creates a private right of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

26.     As described more fully above, Defendants deprived Plaintiff of rights secured to him by the Constitution and federal statutes while acting under color of state law, by intentionally discriminating against him on the basis of his race and interfering with his relationship with a white, Hispanic, female co-worker.

27.     As a result of Defendant's violations of the section 1983, Plaintiff has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations.

28.     In light of the willful, knowing and intentional acts in violation of section 1983 committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

**THIRD CAUSE OF ACTION: SEX DISCRIMINATION
IN VIOLATION OF THE FEHA
(Against Defendants City of Porterville & Sokoloff)**

29.     Plaintiff incorporates herein the allegations set forth above.

30.     California's Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900, *et. seq*., prohibits discrimination on the basis of a person's sex.

31.     As more fully described above, Defendant Sokoloff discriminated against Plaintiff based upon his race by conducting a campaign to get him fired because he did not approve of him dating a white, Hispanic, female co-worker.

32.     Defendant City of Porterville is strictly liable for Defendant Sokoloff's illegal

conduct due to the fact that he used his position as a supervisor to get Plaintiff fired.

33.    As a result of Defendant's violations of the FEHA, Plaintiff has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations.

34.    In light of the willful, knowing and intentional retaliation committed by and on behalf of Defendants against Plaintiff, Plaintiff requests an award of punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    For lost compensation and related employment benefits, past and future, according to proof;

B.    For special damages according to proof;

C.    For compensatory damages for mental and emotional distress;

D.    For punitive damages;

E.    For reasonable costs and attorney's fees;

F.    For prejudgment interest from the date of Plaintiff's discharge;

G.    An injunction requiring the City of Porterville to revise its policies and practices to eliminate the hostile and discriminatory culture at the Porterville Police Department and to institute a fair and non-discriminatory promotion process.

H.    The appointment Special Master or Monitor to ensure the City of Porterville carries out the orders of this Court;

I.    For such other and further relief that the Court may deem just and proper.


Dated:  April 7, 2023                    Respectfully submitted,


                                         LAW OFFICES OF LAWRENCE J. KING


                                         By: __/s/_____
                                             Lawrence J. King

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT & JURY DEMAND