Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Phil Bui, Bar No. 328471
pbui@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants CITY OF PORTERVILLE and BRUCE SOKOLOFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| ANTHONY LUCKEY, | Case No.: 1:23-cv-00551-BAM |
|---|---|
| Plaintiff, | Complaint Filed: April 7, 2023<br>FAC Filed: August 7, 2023<br>SAC Filed: September 6, 2023<br>TAC Filed: November 8, 2024 |
| v. | |
| CITY OF PORTERVILLE and BRUCE SOKOLOFF, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF ANTHONY LUCKEY'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | |
| | Date:         January 10, 2025<br>Time:         9:00 a.m.<br>Courtroom: Courtroom 8 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 10, 2025, or as soon thereafter as may be heard in Courtroom 8, Defendants City of Porterville ("City") and Bruce Sokoloff ("Sokoloff") (collectively "Defendants") will and hereby do move to dismiss all claims for relief in Plaintiff Anthony Luckey's Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure.

Defendants seek to dismiss Plaintiff's TAC for failure to state a claim upon which relief can be granted, on the following grounds:

///

1

Defendants' Notice and Motion to Dismiss Plaintiff Luckey's Third Amended Complaint
12686764.1 PO090-043

1. Plaintiff's first and fourth claims for discrimination under Title VII of the 1964 Civil Rights Act ("Title VII") and the Fair Employment and Housing Act ("FEHA"), respectively, fail because Plaintiff fails to allege facts to support the "similarly situated" element of a disparate treatment claim. Further, Plaintiff fails to articulate facts that would permit an inference between his race and his termination;

2. Plaintiff's second claim, alleging a new theory of relief for deprivation of rights under 42 U.S.C § 1983, fails against Defendant Sokoloff because (i) this Court has already granted Defendants' motion to dismiss as to Sokoloff with prejudice, and (ii) Plaintiff's new theory of alleged violation of a right to associate is time-barred by the two-year statute of limitations; and

3. Plaintiff's third claim, alleging race discrimination in violation of Article I, Sections 8 and 31 of the California Constitution, fails to state a viable claim against the City because Sections 8 and 31 of the California Constitution do not provide a private right of action – rather Plaintiff's sole remedies are through FEHA and Title VII.

Because Plaintiff has already had several opportunities to plead these claims for relief, and because Plaintiff cannot demonstrate that the foregoing deficiencies can be cured by amendment, Defendants respectfully seek dismissal of Plaintiff's TAC with prejudice and without leave to amend.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all pleadings and papers filed in this case, and any other oral and documentary evidence as may be presented hereafter.

Dated:  December 6, 2024                                                    LIEBERT CASSIDY WHITMORE

By:   */s/ Jesse J. Maddox*
　　　Jesse J. Maddox
　　　Phil Bui
　　　Attorneys for Defendants CITY OF PORTERVILLE and BRUCE SOKOLOFF

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................6

II. FACTUAL AND PROCEDURAL BACKGROUND........................................................7

    A. ALLEGATIONS IN TAC................................................................................7

    B. PROCEDURAL HISTORY.............................................................................9

III. LEGAL STANDARD....................................................................................................11

IV. LEGAL ARGUMENT...................................................................................................12

    A. PLAINTIFF'S FIRST AND FOURTH CLAIMS MUST BE DISMISSED BECAUSE THE TAC FAILS TO STATE A CLAIM FOR RACE DISCRIMINATION ON A DISPARATE TREATMENT THEORY ......................................................................................12

    B. PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT SOKOLOFF FAILS ...............................................................................15

        1. The Second Claim Fails Because the Court Previously Dismissed the Claim With Prejudice and Found that Sokoloff is Entitled to Qualified Immunity ..............................................15

        2. The Second Claim Fails Because It is Barred by the Two-Year Statute of Limitations.................................................................16

    C. SECTIONS 8 & 31 OF THE CALIFORNIA CONSTITUTION DO NOT SUPPORT PLAINTIFF'S THIRD CLAIM FOR RACE DISCRIMINATION ......................................................................................16

V. CONCLUSION.............................................................................................................18

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704


Case 1:23-cv-00551-BAM   Document 48   Filed 12/06/24   Page 4 of 18

# TABLE OF AUTHORITIES

**Page(s)**


**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 11

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897 (1983) ................................................................................................. 11

*Bell Atl. Corp v. Twom*bly, 550 U.S. 544 (2007) ............................................................................ 11

*Berry v. Dep't. of Soc. Servs.*, 447 F.3d 642 (9th Cir. 2006) ............................................. 12, 13, 14

*Doe v. United States*, 58 F.3d 494 (9th Cir. 2009) ........................................................................ 11

*Drawsand v. F.F. Props., L.L.P.*, 866 F.Supp.2d 1110 (N.D. Cal. 2011) ..................................... 16

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502 (9th Cir. 2013) ....................... 12

*Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840 (9th Cir. 2004) ......................... 12

*Himaka v. Buddhist Churches of Am.*, 919 F.Supp. 332 (N.D. Cal. 1995) ................................... 17

*Jameson Beach Prop. Owners Ass'n v. United States*, 2014 U.S. Dist. LEXIS 139734, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) .................................................. 15

*Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116 (9th Cir. 2008) ................................... 12

*Ketab Corp. v. Mesriani & Assocs.*, 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 163133, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015) .............................. 15

*Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) ............................................................................ 12

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ............................................................................. 11

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) .......................................................... 12

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616 (9th Cir. 2004) ..................................................... 12

*Nacarino v. Chobani, LLC*, 668 F.Supp.3d 881 (N.D. Cal. 2022) ............................................... 16

*Opperman v. Path, Inc.*, 84 F.Supp.3d 962 (9th Cir. 2015) .......................................................... 12

*Raiser v. City of Los Angeles*, No. CV 13-2925 RGK (RZ), 2014 U.S. Dist. LEXIS 26306, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) ......................................................... 15

*Ravel v. Hewlett-Packard Enter., Inc.*, 228 F.Supp.3d 1086 (E.D. Cal. 2017) ............................. 11

*Rutenschroer v. Starr Seigle Communications, Inc.*, 484 F.Supp.2d 1144 (D. Hawaii, Jun. 29, 2006) .................................................................................................... 12, 13

*United States ex rel. Chunie v. Ringrose*, 788 F.2d 638 (9th Cir. 1986) ...................................... 11


4

Defendants' Notice and Motion to Dismiss Plaintiff Luckey's Third Amended Complaint
12686764.1 PO090-043

*Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993 (9th Cir. 2019) ....................................... 13

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) ......................................... 12

**State Cases**

*Connerly v. Schwarzenegger (2007)* 146 Cal.App.4th 739 ............................................................ 17

*Estes v. Monroe* (2004) 120 Cal.App.4th 1347 ............................................................................ 17

**Federal Statutes**

42 U.S.C. section 1983 ................................................................................................................ 6, 16

**State Statutes**

Code of Civil Procedure section 335.1 ........................................................................................... 16

Government Code section 8315 ..................................................................................................... 17

**Other Authorities**

California Constitution, Article I, Section 31 ........................................................................ 6, 16, 17

California Constitution, Article I, Section 31, subd. (a) ................................................................. 16

California Constitution, Article I, Section 8 .......................................................................... 6, 16, 17

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action arises from the City of Porterville's ("City") decision to terminate Plaintiff Anthony Luckey's ("Plaintiff") employment as a police officer. Plaintiff, who is Black, contends that when he began dating a White female co-worker, Defendant Bruce Sokoloff ("Sokoloff") engaged in discriminatory conduct using his "position and influence" to "get Plaintiff fired."

Plaintiff's Third Amended Complaint ("TAC") asserts claims based upon Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Employment and Housing Act ("FEHA"), and violations of the Federal and State Constitutions. Similar to the defects in Plaintiff's Second Amended Complaint ("SAC"), the TAC still fails to state a prima facie case for race discrimination under either Title VII (First Cause of Action) or FEHA (Fourth Cause of Action) because it fails to allege facts to support the "similarly situated" element of a disparate treatment claim. Further, Plaintiff fails to articulate facts that would permit an inference between his race and his termination based on "other circumstances."

Plaintiff's second claim for violation of 42 U.S.C. § 1983 alleging a new theory of relief against Defendant Sokoloff fails because (i) this Court has already granted Defendants' motion to dismiss as to Sokoloff with prejudice, and (ii) Plaintiff's new theory of alleged violation of a right to associate with a member of another race is time-barred by the two-year statute of limitations.

Finally, Plaintiff's third claim for race discrimination against the City based on Article I, Sections 8 and 31 of the California Constitution fails because there is no private right of action pursuant to these Sections of the Constitution. Rather, to bring a private action, Plaintiff's exclusive remedy is to pursue claims under the comprehensive scheme of FEHA and Title VII.

Plaintiff's TAC is his fourth attempt to properly plead his claims for relief. The parties stipulated twice to permit Plaintiff to file amended pleadings, and the Court previously indicated that the TAC would be the final opportunity it granted Plaintiff leave to amend. Dkt. 37, at 12:18. The TAC remains deficient. Plaintiff has not alleged facts that support his claims against either the City or Sokoloff. Plaintiff's efforts to cure the defects previously prove that he cannot do so; therefore, this Court should deny further leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. ALLEGATIONS IN TAC

The City hired Plaintiff, who is Black, as a patrol officer in November 2020. TAC, at ¶¶ 1, 17. In January 2021, he began a relationship with Officer Ana Moreno ("Moreno"), a "White or White/Hispanic" officer with the City's police department. TAC, at ¶¶ 1, 19, 49.

**Defendant Sokoloff**

At some point, Defendant Sokoloff ("Sokoloff"), a Sergeant at the time, learned Plaintiff and Moreno "were in a romantic relationship and cohabitating." TAC, ¶ 1. On or around February 23, 2021, Moreno informed Plaintiff that she believed Defendant Sokoloff "was aware of their relationship." TAC, at ¶ 22. Plaintiff – for the first time in this lawsuit – alleges Sokoloff belongs to the "Russian Molokan religious sect" which espouses "Russian exceptionalism, racial/ethnic 'purity,' and the belief that racial inter-marriage is wrong." TAC, at ¶ 20. He allegedly made numerous statements to Moreno reflecting his religious views, and his "racism was well-known throughout the Department." TAC, at ¶ 20. On August 16, 2021, Sokoloff was promoted to Lieutenant. TAC, at ¶ 36. Plaintiff alleges that Sokoloff discriminated against Plaintiff "based upon his race by causing his termination because he opposed inter-racial partnerships, believed that 'you gotta keep the bloodlines clean,' and wanted to separate him from the White female officer he was in a relationship with." TAC, at ¶ 66.

**Plaintiff's Pursuit While on Specialty Assignment During his Probationary Period**

On April 27, 2021, Plaintiff was involved in a pursuit while on a specialty assignment during his probationary officer period. See TAC, at ¶¶ 26, 42. Plaintiff was assigned to a detail with Corporal Benas to provide security for extracted marijuana plants that were pulled from a warehouse earlier that day. TAC, at ¶ 26. While on detail, Plaintiff and Corporal Benas observed a vehicle fail to stop at an intersection at approximately 100 MPH. TAC, ¶ 26. Plaintiff alleges Corporal Benas told him to "Go get it." *Id.* Plaintiff alleges he then "engaged in a pursuit and self-terminated the pursuit after the vehicle continued to drive recklessly." *Id.* Sokoloff arrived on scene and told Plaintiff he was mad that Plaintiff made a traffic stop while he was assigned on a detail. *Id.*

Two days later, on April 29, 2021, Sokoloff served Plaintiff with a letter of intent for an Internal Investigation regarding the pursuit. TAC, ¶ 28. Thereafter, on May 13, 2021, Officer N. Bray told Plaintiff that he was receiving this treatment because he was "dating Officer Moreno and certain persons being jealous." TAC, ¶ 29.

**August Orders Re COVID-19**

On August 18, 2021, Moreno fell ill at work and was ordered to get tested for COVID. TAC, at ¶ 37. Plaintiff alleges he was staying with Moreno during the week at her house on a regular basis, and that he drove Moreno to get tested. *Id.* Moreno tested positive and Plaintiff tested negative. *Id.* Upon receiving news of the test results, Sokoloff ordered Plaintiff to stay at his residence in Tulare and not to have any contact with Moreno. *Id.* Plaintiff alleges no other married or cohabitating couples employed by the City's Police Department were ordered to live separately and have no contact if one tested positive with COVID.[1] *Id.* Plaintiff felt that Sokoloff was using his new power and position as Lieutenant to interfere with, inconvenience, and separate him from Moreno. TAC, at ¶ 38.

On August 20, 2021, the Police Department's Human Resources "countermanded Sokoloff's order" and permitted Plaintiff to return to Moreno's house and finish his quarantine there. TAC, at ¶ 39.

**Plaintiff's Termination**

On September 30, 2021, Sokoloff requested that Plaintiff report to Captain Maniss' office. TAC, at ¶ 42. When Plaintiff entered the room, Captain Maniss told him, "I'm sorry to be the one to tell you this but we are terminating your employment with us." *Id.* He handed Plaintiff a letter that stated Plaintiff had failed "to meet the standards and conduct of a Probationary Police Officer." *Id.* Plaintiff made no questions or statements during the meeting. *Id.* He signed the letter and turned in his gear. *Id.*

On September 31, 2021, Moreno reported to Sokoloff, who told her he felt that he needed to tell her directly that he was responsible for Plaintiff's termination. TAC, at ¶ 44. He said he

---

[1] Plaintiff does not, however, allege in the TAC whether any other married or cohabitating couples were employed as by the City's Police Department at the time, or whether any such persons tested positive and negative, respectively, for COVID.

8

could not tell her what the reason was, and Moreno said she had not asked for a reason and did not need to know. *Id.* He told Moreno that she could have a very successful career and that he could "be a big influence in the Department" because of his close friendship with Captain Barteau. TAC, at ¶ 44.

In February 2022, Plaintiff contacted Sgt. Brett Calloway, who was no longer with the City's Police Department, who told him the reason Plaintiff was fired was because: "A certain Lieutenant had feelings for your girlfriend." TAC, at ¶ 45.

### **Comparator White Officer Pursuits**

Plaintiff alleges four pursuit incidents involving five white police officers. In March 2021, Officer A. Hernandez, a White officer, was involved in a pursuit. TAC, ¶ 23. He advised dispatch he was not pursuing, despite having his siren activated and providing updates as the suspect vehicle continued to speed and run red lights. Sokoloff terminated the pursuit, however no disciplinary action was taken. *Id.*

In April 2021, Officer Sanders and Officer Scott, both White officers, were involved in a pursuit that continued after being terminated by the shift supervisor. TAC, ¶ 25. The pursuit ended with the suspect vehicle being involved in a traffic accident and the suspect taken into custody. *Id.* Neither officer received any form of discipline. *Id.*

In May 2021, Officer R. Machiche, a White officer, was involved in a pursuit. TAC, ¶ 31. He stated the reason for his stop was due to his incorrect belief that the vehicle was stolen, though dispatch confirmed the license plate was not stolen and the plate matched the same year, make, and model of the vehicle being pursued. *Id.* The pursuit was ultimately terminated, and the suspect was not apprehended, and no disciplinary action was taken against Officer Machiche. *Id.*

In July 2021, Officer Bray, a White officer, was involved in a pursuit and no disciplinary action was taken. TAC ¶ 35.

### B.    PROCEDURAL HISTORY

Plaintiff's TAC is his fourth attempt to cure the deficiencies of his asserted claims. On April 6, 2023, Plaintiff filed and served his initial complaint against Defendants and asserted three claims for relief. Dkt. 1. Following the parties' initial meet and confer efforts, the parties

submitted a stipulation (Dkt. 10), and the Court granted Plaintiff leave to file a First Amended Complaint.

On August 7, 2023, Plaintiff filed and served his First Amended Complaint and again alleged three claims. Dkt. 14. Following further meet and confer efforts, the parties again submitted a stipulation (Dkt. 17), and the Court subsequently granted Plaintiff leave to file a Second Amended Complaint.

Plaintiff filed and served his SAC on September 6, 2023. Dkt. 20. On September 27, 2023, Defendants moved to dismiss all claims in the SAC. Dkt. 21.

On September 30, 2024, the Court entered its order granting Defendants' motion to dismiss the SAC, with leave to amend. Dkt. 37. As to Plaintiff's first and fourth claims (race discrimination), the Court found that Plaintiff failed to adequately plead the fourth element of a disparate treatment claim because (i) Plaintiff failed "to include any allegations that similarly situated individuals outside of Plaintiff's protected class received more favorable treatment" and (ii) Plaintiff failed "to adequately allege 'other circumstances' giving rise to an inference of discrimination." *Id.* at 5:23-27. The SAC did not allege that Defendant Sokoloff's alleged inappropriate questions "mentioned race" or that he, "'expressed his disapproval' because of the interracial dating relationship." *Id.* at 6:1-3. Rather, the SAC alleged conclusory allegations devoid of facts. *Id.* at 6:4-19.

For the second claim (*Monell*), the Court found that Plaintiff's general allegation of ratification by the "highest levels" of the City's Police Department was conclusory and insufficient to state a *Monell* claim against the City based on ratification. Dkt. 37, at 7:13-18. In addition, the Court dismissed the second claim for relief against Sokoloff "with prejudice insofar as it seeks money damages from Sokoloff in his individual capacity for allegedly infringing upon Plaintiff's right to intimate association." *Id.* at 11:11-14, emphasis added.

For the third claim (race discrimination in violation of the California Constitution), "[g]iven Plaintiff's concession that the amended complaint cites the incorrect section of the California Constitution" the Court granted the motion to dismiss with leave to amend. Dkt. 37, at 12:5-9.

On November 8, 2024, Plaintiff filed the TAC. Dkt. 43. The claims in Plaintiff's TAC remain insufficiently pled despite multiple opportunities to cure the deficiencies.

### III.     LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twom*bly, 550 U.S. 544 (2007)). A complaint cannot simply include conclusory allegations and no facts providing support. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss). Rather, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Ravel v. Hewlett-Packard Enter., Inc.,* 228 F.Supp.3d 1086, 1091 (E.D. Cal. 2017).

Further, pleadings are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, "[a] claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim." *Id*. The plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully. *Id*.

A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). Moreover, it is inappropriate to assume that the plaintiff "can prove facts it has not alleged or that the defendants have violated the…laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). Where a plaintiff fails to "nudge [his or her] claims…across the line from conceivable to plausible…," the complaint properly dismissed. *Iqbal*, 556 U.S. at 678.

If a complaint fails to state a plausible claim, "[a] district should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend, "the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004). When a plaintiff has been granted leave to amend, but has failed to cure the deficiencies identified in an earlier complaint, a district court may find that the plaintiff has no additional facts or theories to plead, and may dismiss with prejudice. *Opperman v. Path, Inc.*, 84 F.Supp.3d 962, 975 (9th Cir. 2015) (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S FIRST AND FOURTH CLAIMS MUST BE DISMISSED BECAUSE THE TAC FAILS TO STATE A CLAIM FOR RACE DISCRIMINATION ON A DISPARATE TREATMENT THEORY

Plaintiff must plead sufficient facts to state the elements of a prima facie case of discrimination. *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). Under both Title VII and the FEHA, a plaintiff must plead all of the following four elements to articulate a prima facie case for discrimination based on a disparate treatment theory: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

The fourth prima facie element requires a plaintiff to plead that "similarly situated individuals outside his protected class were treated more favorably." *Berry v. Dep't. of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Rutenschroer v. Starr Seigle Communications, Inc.*, 484 F.Supp.2d 1144, 1155 (D. Hawaii, Jun. 29, 2006), citing Josephs v. Pacific Bell, 432 F.3d 1006, 1017 (9th Cir. 2005). For example, in *Rutenschroer*, the plaintiff was a part-time, on-call employee," whose employer did not assign her any work after June 5, 2004. *Rutenschroer*, 484

F.Supp.2d at 1158. On these facts, she alleged that she was terminated because of her race (African-American), color (Black), and gender (female). *Id*. at 1151. The district court held that to meet the fourth prong, she had to "prove that employees with a similar work schedule that were not black, not African-American, and not female received better treatment." *Id*. at 1155.

Here, Plaintiff now alleges incidents of more favorable treatment as to five White officers involved in four separate pursuit incidents between March and July 2021. See TAC, at ¶¶ 23, 25, 31, 35. Similar to the SAC, however, Plaintiff's TAC still fails to sufficiently allege a claim for race discrimination based on similarly situated individuals outside his protected class or other circumstances. Plaintiff fails to allege that any of the five White officers involved in the pursuits were both (1) employed by the City's Police Department as a Probationary Police Officer like Plaintiff was during the time-period (see TAC, at ¶ 42), and (2) assigned to a specific detail before abandoning the detail to engage in the pursuit like Plaintiff (see, e.g., TAC, at ¶ 26). Thus, the TAC fails to allege the comparator employees have similar jobs and displayed similar conduct as it must. *See, e.g., Berry*, 447 F.3d at 656; *Rutenschroer*, 484 F.Supp.2d at 1155.

The TAC fails to allege sufficient facts to show similar situations in the pursuits. The pursuit instances are too dissimilar and the alleged facts too conclusory and vague to sufficiently allege a claim for discrimination. For instance, the TAC merely alleges one officer "was involved in a pursuit." TAC, at ¶ 35. It provides no other details. It does not identify the supervising officer. It does not indicate whether Sokoloff was involved in the pursuit, or the determination not to discipline the officer. *Id*. In another pursuit, the White police officer apparently stopped the vehicle first, before the pursuit followed. TAC, ¶ 31. There is no allegation as to who terminated and supervised the pursuit. The shift supervisor is unnamed, and there are no allegations as to who participated in the determination not to discipline in each incident. TAC, ¶¶ 23, 25, 31, 35. Moreover, for each incident, the TAC is silent about the probationary status and any detail assignment of the involved White officers. TAC, at ¶¶ 23, 25, 31, 35. Thus, the TAC fails to sufficiently allege that the comparator employees are similarly situated in all material respects. See *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) ("It is not enough for employees to be in similar employment positions; rather, **the plaintiff and the**

**comparator employee must be 'similarly situated . . . in all material respects'**", emphasis added).

In the alternative to allegations of more favorable treatment of similarly situated employees, Plaintiff must at a minimum plead "other circumstances surrounding the adverse employment action [which] gives rise to an inference of discrimination." *Berry, supra*, 447 F.3d at 656. Here, the TAC includes the conclusory allegation that Sokoloff "orchestrated a campaign to get Plaintiff fired" (TAC, at ¶ 1), but fails to articulate any facts as to what Sokoloff or other employees did as part of the alleged campaign. Indeed, the SAC alleged Plaintiff "was written up on at least six occasions" and referred to "a number of unfounded criticisms and warnings concerning Plaintiff's performance" (Dkt., at p. 4:11-13), but the TAC fails to allege facts to support this "campaign." It merely describes a single incident that involved Sokoloff commencing an investigation regarding the pursuit. TAC, at ¶ 28.  It also vaguely references a related Personnel Incident Report, but does not describe whether Plaintiff received it, whether Sokoloff was involved, or its contents. TAC, at ¶ 33. In the absence of specific facts regarding the alleged write-up incidents, including those omitted from the TAC, the TAC fails to sufficiently allege "other circumstances" giving rise to an inference of discrimination that is plausible on its face.

Further, Plaintiff's allegation that the "discriminatory campaign" started after he began dating Ms. Moreno is too vague in time to create an inference of discrimination. Plaintiff alleges he began "dating" Ms. Moreno in January 2021. TAC, at ¶ 19. By February 23 or March 18, 2021, both Sokoloff and the City's Police Department were aware of it. TAC, at ¶¶ 21-22, 24. The incident when Plaintiff left his detail assignment for a pursuit did not occur until over a month later. TAC, at ¶¶ 26, 28. Plaintiff was not terminated until six months later. TAC, at ¶ 42. Combined with the lack of specific facts to support the allegations, the temporal connection is too attenuated to support an inference of discrimination, let alone a discriminatory campaign to fire Plaintiff. As a result, the TAC's allegations are insufficient to support Plaintiff's race discrimination claims pursuant to either Title VII or the FEHA.

///

///

**B.     PLAINTIFF'S SECOND CLAIM AGAINST SOKOLOFF FAILS**

In contravention to this Court's order granting Defendants' motion to dismiss, the TAC alleges a new legal theory against Defendant Sokoloff. Allegedly, he violated Plaintiff's constitutional right to associate with a member of another race. TAC, at ¶ 1, fn. 1.[2] This claim fails for the following two reasons.

### 1. The Second Claim Fails Because the Court Previously Dismissed the Claim With Prejudice and Found that Sokoloff is Entitled to Qualified Immunity

Here, Plaintiff improperly attempts to state a new legal theory in support of the second claim after the Court dismissed the same claim against Defendant Sokoloff with prejudice and found he is entitled to qualified immunity. Dkt. 37, at p. 11:9-14. Plaintiff's attempt to do so is barred because once a claim is dismissed with prejudice the plaintiff is precluded from reasserting the same claim under a different legal theory. See, e.g., *Raiser v. City of Los Angeles*, No. CV 13-2925 RGK (RZ), 2014 U.S. Dist. LEXIS 26306, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014) (district court dismissed the plaintiff's second amended complaint because the plaintiff continued to name several defendants whom the court had dismissed from the action and because "many if not all of the changes in the second amended complaint exceed[ed] the scope of leave granted by the [c]ourt"); *Ketab Corp. v. Mesriani & Assocs.*, 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 163133, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015) ("where leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken"); *Jameson Beach Prop. Owners Ass'n v. United States*, 2014 U.S. Dist. LEXIS 139734, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) ("[W[here a prior court order granted limited leave to amend, [d]istrict [c]ourts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend"). Indeed, the consequences for a plaintiff who disregards a court order dismissing a claim without leave to amend by

---

[2] By contrast, the SAC alleged the second claim based on interference with Plaintiff's constitutional right to an "intimate relationship." Dkt. 20, at ¶ 25

including that claim in a new amended pleading can include striking the claim, dismissal of the action, or other sanctions as the Court deems appropriate. See *Nacarino v. Chobani, LLC*, 668 F.Supp.3d 881, 900-901 (N.D. Cal. 2022) (courts look at the specific language of the prior order to determine whether or not leave to amend was granted without limitation). Plaintiff's second claim against Sokoloff based on a new legal theory should be dismissed (or stricken) because it directly conflicts with the Court's order.[3]

### 2.  The Second Claim Fails Because It is Barred by the Two-Year Statute of Limitations

In addition, Plaintiff's new legal theory set forth in the TAC is barred based on the two-year statute of limitations set forth in California's personal injury statute. In the Ninth Circuit, the statute of limitations for filing a claim under 42 U.S.C. § 1983 is determined by the state's personal injury statute of limitations. *Drawsand v. F.F. Props., L.L.P.*, 866 F.Supp.2d 1110, 1121 (N.D. Cal. 2011). In California, this period is two years pursuant to Code of Civil Procedure section 335.1. *Ibid*. Since Plaintiff filed suit based on his new legal theory for the first time more than two years after Defendant Sokoloff allegedly violated Plaintiff's right to associate in 2021, Plaintiff's claim under 42 U.S.C. § 1983 is time-barred.

### C.  SECTIONS 8 AND 31 OF THE CALIFORNIA CONSTITUTION DO NOT SUPPORT PLAINTIFF'S THIRD CLAIM FOR RACE DISCRIMINATION

Article I, Section 8 of the California Constitution provides:

> A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

In addition, Article I, Section 31, subdivision (a) of the California Constitution provides, in part:

> The State shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting….

---

[3] Plaintiff's new legal theory based on a right to associate (see Dkt. 43, at p. 2:1, fn. 1) also conflicts internally with the TAC's allegations in Paragraphs 53-56. These paragraphs purport to assert constitutional claims against Sokoloff based on race discrimination in the workplace, rather than associational rights.

1   Fatal to the TAC's third claim, there is no private right of action for race discrimination
2   under Article I, Sections 8 and 31 of the California Constitution. FEHA is the primary state law
3   that provides a private right of action for employment discrimination, including race
4   discrimination, in California. FEHA encompasses the state's public policy against employment
5   discrimination and provides the legal framework and comprehensive scheme for individuals to
6   seek remedies. *See, e.g., Estes v. Monroe*, 120 Cal.App.4th 1347, 1355 (2004); see also *Connerly
7   v. Schwarzenegger*, 146 Cal.App.4th 739 743-44 (2007) (noting that Government Code section
8   8315, subdivision (c)(1) states that article I, section 31 "shall not be interpreted as granting an
9   individual a private cause of action to challenge any special measures undertaken for the purposes
10  of securing adequate advancement of those racial groups requiring…protection…Special
11  measures shall not be interpreted as preferential treatment"); *Himaka v. Buddhist Churches of
12  Am.*, 919 F.Supp. 332, 335 (N.D. Cal. 1995) (declining to recognize new tort based on Art. I, § 8
13  for employment discrimination that does not result in termination).

14  Article I, Sections 8 and 31 cannot be interpreted as granting an individual a private cause
15  of action to challenge employment discrimination.  While Article I, Sections 8 and 31 do not
16  themselves provide a private right of action for race discrimination, parties can nonetheless
17  pursue such claims under FEHA, and Plaintiff has done so here in the fourth claim. There is no
18  authority supporting Plaintiff's stand-alone Constitutional claim. Therefore, the claim should be
19  dismissed without leave to amend. Even assuming he has a cause of action, his Constitutional
20  claim fails on the merits for the same reason her other claims fail; she has not alleged sufficient
21  facts to state a claim.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## V. CONCLUSION

For the reasons set forth above, Plaintiff's TAC remains deficient despite multiple opportunities to amend his operative pleading. The Court has already provided Plaintiff a final opportunity to amend, but the TAC remains deficient. Accordingly, Defendants request that the Court grant this motion to dismiss and deny Plaintiff a fourth opportunity to amend his complaint.

Dated:  December 6, 2024                           LIEBERT CASSIDY WHITMORE

By:  */s/ Jesse J. Maddox*
    Jesse J. Maddox
    Phil Bui
    Attorneys for Defendants CITY OF PORTERVILLE and BRUCE SOKOLOFF