**KING DECLARATION EXHIBIT A**

## Luckey v. City of Porterville, et al

From: Sue Ann Renfro (srenfro@lcwlegal.com)

To: kingesq@pacbell.net

Cc: jmaddox@lcwlegal.com

Date: Friday, May 12, 2023 at 11:31 AM PDT

Good morning Larry,

Please consider this as our meet and confer effort under the Standing Order of the United States District Court, Eastern District of California.

This office represents the City of Porterville (City) and Lieutenant Bruce Sokoloff in the above-matter. I sent you a separate email confirming that we have now received permission to represent both defendants in the above matter. I also left you a telephone message on Thursday, May 11, 2023. Below is a listing of the issues which we believe subject that Complaint to a Motion to Dismiss and Motion to Strike.

1. As a public entity, the City is immune from punitive damages liability. A public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." (Gov. Code, § 818.) Nor, are punitive damages available against a governmental entity under the relevant federal anti-harassment statute, Title VII. "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." (42 U.S.C. §1981a(b)(1).)

2. The Complaint contains inconsistent and confusing allegations. The third cause of action is entitled "Sex Discrimination," but the allegations within that cause of action related to racial discrimination. This is likely a typographical error, but it should be corrected.

3. The first and third causes of action are for Race Discrimination in Violation of Title VII and Sex (Racial?) Discrimination in Violation of the FEHA, respectively. The causes of action are directed to both the City and Lieutenant Sokoloff. These causes of action cannot be alleged against Lieutenant Sokoloff. (See e.g., Reno v. Baird (1998) 18 Cal.4th 640, 645 [only the employer, and not individual supervisors, may be sued and held liable for discrimination].)

4. The second cause of action is identified as Deprivation of Civil Rights in Violation of 42 U.S.C. Section 1983. It is directed to both the City and Lieutenant Sokoloff. There are vague allegations of a deprivation of rights. However, this cause of action essentially alleges discrimination as constitutional violations, which is improper. While the Federal Rules do not specifically prohibit pleading legal or other conclusory allegations, few if any claims can or should be pleaded in conclusory terms in federal court. This is because FRCP 8(a)(2) requires a "showing that the pleader is entitled to relief," and the Supreme Court has stated that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 (2007).) There are insufficient allegations to support a Section 1983 violation against the City under Monell. Additionally, modern statutory discrimination rights must be asserted through statutes and may

not be claimed through Section 1983.  (See *Day v. Wayne County Bd. Of Auditors*, 749 F.2d 1199.)  Finally, Lieutenant Sokoloff, the individually named defendant, is immune from Section 1983 liability under the doctrine of qualified immunity.

5..  Plaintiff's prayer also requests injunctive relief.   However, the Complaint contains no allegation to support entitlement to injunctive relief.  (*Weinberger v. Romero-Barcelo* 456 U.S. 305, 312 (1982); *Stanley v. University of Southern Calif.* 13 F.3d 1313, 1320 (9th Cir. 1994).)

The Court's Standing Order requires the parties to meet and confer so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the Court.  I look forward to your response by **Monday, May 15, 2023.**  You can reach me at either of the telephone numbers listed below.

Thank you—

Sue


**Sue Ann Renfro** | Attorney
LCW  LIEBERT CASSIDY WHITMORE
5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535  | cell: 559.260.8908
srenfro@lcwlegal.com | website


This email message has been delivered safely and archived online by Mimecast.

**KING DECLARATION EXHIBIT B**

## RE: Luckey v. City of Porterville, et al

From: Sue Ann Renfro (srenfro@lcwlegal.com)

To: kingesq@pacbell.net

Cc: jmaddox@lcwlegal.com

Date: Tuesday, August 22, 2023 at 01:00 PM PDT

Good afternoon Larry,

Please consider this our meet and confer effort under the Standing Order of the United States District Court, Eastern District of California. As you know, this office represents the City of Porterville (City) and Lieutenant Bruce Sokoloff in the above-matter.

Below is a listing of the issues which we believe subject the First Amended Complaint ("FAC") to a Motion to Dismiss and Motion to Strike.

**Motion to Strike:**

1. As a public entity, the City is immune from punitive damages liability. A public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." (Gov. Code, § 818.) As drafted, the Section 1983 claim seeks punitive damages against both the City and Lieutenant Sokoloff. As drafted, the prayer also seeks punitive damages against both defendants. This was an issue we previously raised in regard to the original Complaint (see below email). This subjects the FAC to a motion to strike.

2. Our reading indicates that the Section 1983 claim is brought on two theories: (1) the right of association; and (2) the "right to work in environment free of race discrimination." We raised the second prong previously in regard to the original Complaint. Modern statutory discrimination rights must be asserted through statutes and may not be claimed through Section 1983. (See *Day v. Wayne County Bd. Of Auditors*, 749 F.2d 1199.) As drafted the FAC is re-alleging the Title VII claims, and that discrimination language cannot serve as a basis for liability under Section 1983. The discrimination language is subject to a motion to strike.

**Motion to Dismiss:**

1. In order for the City to be liable under section 1983, Plaintiff must allege/prove a custom, policy or practice (i.e., *Monell* liability). Plaintiff fails to alleges the City has a custom, policy, or practice of interfering with an employee's freedom of association. In fact, there are footnotes in the FAC that suggest the City does not have such a practice. The City can be liable for policy makers' actions, but the FAC does not allege this. In fact, it alleges co-defendant Sokoloff was a Sergeant at pertinent times, so he is not a policymaker.

2. Plaintiff also failed to allege sufficient facts to plead a 1983 claim against co-defendant Sokoloff. The FAC fails to identify which type of freedom of association the claim rests on and the allegations about how co-defendant Sokoloff interfered are insufficient. Neither the Ninth Circuit nor the Supreme Court has recognized a friendship, however close, as sufficiently intimate to warrant constitutional protection. *Hittle v. City of Stockton*, 2018 U.S. Dist. LEXIS 43664, 47-48. The FAC only alleges a " dating relationship." As alleged, co-defendant Sokoloff is entitled to qualified immunity because there is no clearly established constitutional right to intimate association for people who are "dating." Dating could mean two or three dates, which arguably is less intimate than a friendship. . While the Federal Rules do not specifically prohibit pleading legal or other conclusory allegations, few if any claims can or should be pleaded in conclusory terms in federal court. This is because FRCP 8(a)(2) requires a "showing that the pleader is entitled to relief," and the Supreme Court has stated that "[w]ithout some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 (2007).)

The Court's Standing Order requires the parties to meet and confer so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the Court. I look forward to your response **by Thursday, August 24, 2023 at noon.** You can reach me at either of the telephone numbers listed below.

Thank you—

Sue

**Sue Ann Renfro | Attorney**
**LCW LIEBERT CASSIDY WHITMORE**
5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535 | cell: 559.260.8908
srenfro@lcwlegal.com | website

---

**From:** Sue Ann Renfro
**Sent:** Friday, May 12, 2023 11:31 AM
**To:** Lawrence King <kingesq@pacbell.net>
**Cc:** Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** Luckey v. City of Porterville, et al

Good morning Larry,

Please consider this as our meet and confer effort under the Standing Order of the United States District Court, Eastern District of California.

This office represents the City of Porterville (City) and Lieutenant Bruce Sokoloff in the above-matter. I sent you a separate email confirming that we have now received permission to represent both defendants in the above matter. I also left you a telephone message on Thursday, May 11, 2023. Below is a listing of the issues which we believe subject that Complaint to a Motion to Dismiss and Motion to Strike.

1. As a public entity, the City is immune from punitive damages liability. A public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." (Gov. Code, § 818.)   Nor, are punitive damages available against a governmental entity under the relevant federal anti-harassment statute, Title VII. "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." (42 U.S.C. §1981a(b)(1).)

**KING DECLARATION EXHIBIT C**

## MORENO & LUCKEY SECOND AMENDED COMPLAINTS

From: Lawrence King (kingesq@pacbell.net)
To: srenfro@lcwlegal.com
Cc: jmaddox@lcwlegal.com
Bcc: aisbabelmoreno@yahoo.com; luckey2325@hotmail.com
Date: Thursday, August 24, 2023 at 07:41 PM PDT

Sue:

Please consider this a continuation of our effort to "meet & confer" concerning the pleadings in both the Ana Moreno and the Anthony Luckey cases.

Attached are my current drafts of the Second Amended Complaints in each case. I believe I have addressed the concerns you raised in your letter and in our phone conversation. Please let me know if you agree. If so, I propose these documents be referred to, and attached to, the stipulations you are preparing with a request in each stipulation that the Court grant leave for these documents to be filed and for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss) so that we can then begin discovery and move these cases forward.

Concerning your position that the Plaintiff's cannot assert a section 1983 claim **solely** based upon Title VII, I agree. However as you will notice when you review the attached, I have clarified that the Plaintiff's section 1983 claims are also based upon the Fourteenth Amendment. The following cases makes clear that Title VII does not preempt sex and race discrimination claims that are not solely based on Title VII.

1.   *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974):

> [l]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination. In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, Inc., supra*, 390 U.S., at 402, 88 S.Ct. at 966. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. s 2000e—5(b) (1970 ed., Supp. II) (EEOC); 42 U.S.C. s 2000e—5(c) (1970 ed., Supp. II) (state and local agencies); 42 U.S.C. s 2000e—5(f) (1970 ed., Supp. II) (federal courts). And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination. *Alexander v. Gardner-Denver*

Co., 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974).

2. *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988):

> Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment. *See Keller,* 827 F.2d at 956–63; *Ratliff v. City of Milwaukee,* 795 F.2d 612, 623–24 (7th Cir.1986) (the Fourteenth Amendment and Title VII both grant public sector employees independent rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 301 (7th Cir.1985); *Grano v. Department of Development,* 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution).

3. *Mayfield v. Cnty. of Merced*, No. 1:13-CV-01619 LJO, 2014 WL 5822913, at *7 (E.D. Cal. Nov. 10, 2014):

> The County first argues that this claim is duplicative of Plaintiff's Title VII claim and must be dismissed. County Mem. at 15. This argument has no merit. Defendants cite to *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir.1988), for the premise that "[a] claim for deprivation of civil rights is not available under Section 1983 if plaintiff claims a direct violation of statutory rights under Title VII." County Mem. at 15. This is the *opposite* of the Ninth Circuit's holding. The Ninth Circuit actually held that "Title VII does *not* preempt an action under section 1983 for a violation of the fourteenth amendment." 870 F.2d at 1415 (emphasis added). However, *Roberts* also holds that a Section 1983 claim cannot proceed parallel to a Title VII claim if the Section 1983 claim is premised *entirely* on a violation of Title VII itself. *Id.* (recognizing that Section 1983 lawsuits "cannot be invoked when the only right violated is the Title VII right to be free of discrimination in employment."). Since Plaintiff's claim is that Defendants' conduct amounted to a violation of her right to equal protection under the Fourteenth Amendment, FAC ¶¶ 53–54, it cannot be dismissed on this basis.

4. *Deputee v. Lodge Grass Pub. Sch.*, No. CV 15-82-BLG-SPW, 2016 WL 676363, at *4 (D. Mont. Feb. 18, 2016):

> Title VII does not preclude a separate action under § 1983 for gender discrimination. *Roberts v. Coll. of the Desert,* 870 F.2d 1411, 1415 (9th Cir. 1988). In *Roberts,* the plaintiff brought separate actions for gender discrimination under Title VII and § 1983 against her employer. *Id.* at 1414. The Ninth Circuit upheld judgments on both the Title VII and § 1983 claims and held that Title VII does not preempt an action under § 1983 for a violation of the Fourteenth Amendment. *Id.* at 1415.
>
> While Title VII does not preclude a § 1983 claim brought under the Fourteenth

Amendment, a plaintiff cannot use § 1983 as a vehicle to vindicate statutory rights created by Title VII. *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012). In other words, "Title VII provides the exclusive remedy for violations of its own terms and an employment discrimination plaintiff asserting the deprivation of rights created by Title VII must comply with the Act's procedural requirements before seeking judicial review." *Id.* at 641. In sum, a party cannot use § 1983 to remedy a violation of Title VII. *Id.* When the employer's conduct may also violate rights conferred by an independent source—such as the Fourteenth Amendment—"Title VII supplements, rather than supplants, existing remedies for employment discrimination." *Id.*

Here, Deputee can proceed with his § 1983 claim of gender discrimination that may allege a violation of the Fourteenth Amendment. Like in *Roberts*, Title VII does not preclude Deputee's separate action under § 1983 for an alleged violation of the constitutional protection against gender discrimination. However, like in *Henley*, Deputee cannot use § 1983's remedies to vindicate any rights conferred by Title VII.

Finally, I have also added a claim based upon section 1 of the California Constitution.

Larry


SECOND AMENDED COMPLAINT.pdf
185.8kB


SECOND AMENDED COMPLAINT.pdf
204.6kB

**KING DECLARATION EXHIBIT D**

# RE: MORENO & LUCKEY SECOND AMENDED COMPLAINTS

From: Sue Ann Renfro (srenfro@lcwlegal.com)

To: kingesq@pacbell.net

Cc: jmaddox@lcwlegal.com

Date: Tuesday, August 29, 2023 at 02:59 PM PDT

Good afternoon Larry,

We are in the process of reviewing the Second Amended Complaints as well as your authority. Initially, we questioned the allegations that Section 1 of the California Constitution prohibits discrimination on the basis of a person's sex (Ana Moreno) or on the basis of a person's race (Anthony Luckey). Do you have authority to support these allegations?

In the interim, we are continuing to review and analyze the proposed SACs.

Thank you—

Sue

**Sue Ann Renfro | Attorney**
**LCW LIEBERT CASSIDY WHITMORE**
5250 N. Palm Avenue, Suite 310
Fresno, CA 93704
direct: 559.256.7814 | fax: 559.449.4535 | cell: 559.260.8908
srenfro@lcwlegal.com | website

---

**From:** Lawrence King <kingesq@pacbell.net>
**Sent:** Thursday, August 24, 2023 7:41 PM
**To:** Sue Ann Renfro <srenfro@lcwlegal.com>
**Cc:** Jesse Maddox <jmaddox@lcwlegal.com>
**Subject:** MORENO & LUCKEY SECOND AMENDED COMPLAINTS

**CAUTION - EXTERNAL EMAIL** | DO NOT reply, click links or open attachments unless you have verified the sen

Sue:

Please consider this a continuation of our effort to "meet & confer" concerning the pleadings in both the Ana Moreno and the Anthony Luckey cases.

Attached are my current drafts of the Second Amended Complaints in each case. I believe I have addressed the concerns you raised in your letter and in our phone conversation. Please let me know if you agree. If so, I propose these documents be referred to, and attached to, the stipulations you are preparing with a request in each stipulation that the Court grant leave for these documents to be filed and for Defendants to have 21 days to file an answer (not a motion to strike nor a motion to dismiss) so that we can then begin discovery and move these cases forward.

Concerning your position that the Plaintiff's cannot assert a section 1983 claim **solely** based upon Title VII, I agree. However as you will notice when you review the attached, I have clarified that the Plaintiff's section 1983

claims are also based upon the Fourteenth Amendment. The following cases makes clear that Title VII does not preempt sex and race discrimination claims that are not solely based on Title VII.

1. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974):

   [l]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination. In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' *Newman v. Piggie Park Enterprises, Inc., supra*, 390 U.S., at 402, 88 S.Ct. at 966. Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. See 42 U.S.C. s 2000e—5(b) (1970 ed., Supp. II) (EEOC); 42 U.S.C. s 2000e—5(c) (1970 ed., Supp. II) (state and local agencies); 42 U.S.C. s 2000e—5(f) (1970 ed., Supp. II) (federal courts). And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S. Ct. 1011, 1019–20, 39 L. Ed. 2d 147 (1974).

2. *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988):

   Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment. See *Keller*, 827 F.2d at 956–63; *Ratliff v. City of Milwaukee*, 795 F.2d 612, 623–24 (7th Cir.1986) (the Fourteenth Amendment and Title VII both grant public sector employees independent rights to be free of employment discrimination; a plaintiff may use section 1983 to escape the comprehensive scheme of Title VII even if the same facts suggest a violation of Title VII); *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 301 (7th Cir.1985); *Grano v. Department of Development*, 637 F.2d 1073, 1075 (6th Cir.1980) (employee may sue under both Title VII and section 1983 when the section 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution).

3. *Mayfield v. Cnty. of Merced*, No. 1:13-CV-01619 LJO, 2014 WL 5822913, at *7 (E.D. Cal. Nov. 10, 2014):

   The County first argues that this claim is duplicative of Plaintiff's Title VII claim and must be dismissed. County Mem. at 15. This argument has no merit. Defendants cite to *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415 (9th Cir.1988), for the premise that "[a] claim for deprivation of civil rights is not available under Section 1983 if plaintiff claims a direct violation of statutory rights under Title VII." County Mem. at 15. This is the *opposite* of the Ninth Circuit's holding. The Ninth Circuit actually held that "Title VII does *not* preempt an action under section 1983 for a violation of the fourteenth amendment." 870 F.2d at 1415 (emphasis added). However, *Roberts* also holds that a Section 1983 claim cannot proceed parallel to a Title VII claim if the Section 1983 claim is premised *entirely* on a violation of Title VII itself. *Id.* (recognizing that Section 1983 lawsuits "cannot be invoked when the only right violated is the Title VII right to be free of discrimination in employment."). Since Plaintiff's claim is that Defendants' conduct amounted to a violation of her right to equal protection under the Fourteenth Amendment, FAC ¶¶ 53–54, it cannot be dismissed on this basis.

4. *Deputee v. Lodge Grass Pub. Sch.*, No. CV 15-82-BLG-SPW, 2016 WL 676363, at *4 (D. Mont. Feb. 18, 2016):

   Title VII does not preclude a separate action under § 1983 for gender discrimination. *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415 (9th Cir. 1988). In *Roberts*, the plaintiff brought separate actions for gender discrimination under Title VII and § 1983 against her employer. *Id.* at 1414. The Ninth Circuit upheld judgments on both the Title VII and § 1983 claims and held that Title VII does not preempt an action under § 1983 for a violation of the Fourteenth Amendment. *Id.* at 1415.

   While Title VII does not preclude a § 1983 claim brought under the Fourteenth Amendment, a plaintiff cannot use § 1983 as a vehicle to vindicate statutory rights created by Title VII. *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012). In other words, "Title VII provides the exclusive remedy for violations of its own terms and an employment discrimination plaintiff asserting the deprivation of rights created by Title VII must comply with the Act's procedural requirements before seeking judicial review." *Id.* at 641. In sum, a party cannot use § 1983 to remedy a violation of Title VII. *Id.* When the employer's conduct may also violate rights conferred by an independent source—such as the Fourteenth Amendment—"Title VII supplements, rather than supplants, existing remedies

for employment discrimination." *Id.*

Here, Deputee can proceed with his § 1983 claim of gender discrimination that may allege a violation of the Fourteenth Amendment. Like in *Roberts*, Title VII does not preclude Deputee's separate action under § 1983 for an alleged violation of the constitutional protection against gender discrimination. However, like in *Henley*, Deputee cannot use § 1983's remedies to vindicate any rights conferred by Title VII.

Finally, I have also added a claim based upon section 1 of the California Constitution.

Larry

This email message has been delivered safely and archived online by Mimecast.