Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Phil Bui, Bar No. 328471
pbui@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants CITY OF PORTERVILLE and BRUCE SOKOLOFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| ANTHONY LUCKEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PORTERVILLE and BRUCE SOKOLOFF,<br><br>        Defendant. | Case No.: 1:23-cv-00551-BAM<br><br>Complaint Filed: April 7, 2023<br>FAC Filed: August 7, 2023<br>SAC Filed: September 6, 2023<br>TAC Filed: November 8, 2024<br><br>**DEFENDANTS' REPLY TO PLAINTIFF ANTHONY LUCKEY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:        February 21, 2025<br>Time:        9:00 a.m.<br>Courtroom: 8 |

Defendant CITY OF PORTERVILLE ("City") respectfully submits the following Reply to Plaintiff ANTHONY LUCKEY's ("Plaintiff") Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"):

I.    **INTRODUCTION**

Despite multiple opportunities to amend his pleadings, Plaintiff continues to assert insufficient and legally flawed claims that fail to meet the requisite standards under Rule 12(b)(6). Plaintiff's opposition attempts to mischaracterize both the allegations in the TAC and the Court's prior order, relying on conclusory assertions and procedural distractions rather than substantive

1

legal arguments.[1]

Plaintiff fails to cure the deficiencies identified by the Court in his claims for race discrimination under Title VII and the Fair Employment and Housing Act ("FEHA"). His allegations regarding "similarly situated" comparators remain conclusory, unsupported by material facts, and insufficient to establish a plausible inference of discriminatory intent. Additionally, Plaintiff's attempt to revive his 42 U.S.C. § 1983 claim against Defendant Sokoloff directly contradicts the Court's prior dismissal with prejudice, and his claim under Article I, Sections 8 and 31 of the California Constitution lacks a proper legal basis.

For these reasons, and as set forth in detail below, Defendants respectfully request that the Court dismiss Plaintiff's Third Amended Complaint with prejudice.

## II. LEGAL ARGUMENT

Plaintiff's opposition fails to address the critical deficiencies in his claims under Title VII and the FEHA, which the Court previously identified. Despite Plaintiff's attempts to rely on conclusory assertions and vague allegations, the TAC still fails to allege sufficient facts to satisfy the required elements of a prima facie case for race discrimination.

### A. PLAINTIFF'S FIRST AND FOURTH CLAIMS FOR RACE DISCRIMINATION FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF

#### 1. Plaintiff Fails to Plead That Similarly Situated Individuals Were Treated More Favorably

To satisfy the "similarly situated" element of a disparate treatment claim, a plaintiff must allege facts showing that employees outside his protected class were treated more favorably and were similarly "in all material respects." See *Weil v. Citizens Telecom Servs. Co.*, LLC, 922 F.3d 993, 1004 (9th Cir. 2019). Superficial similarities, such as shared job titles, are insufficient.

---

[1] Defendant will not address the "Procedural History" in Plaintiff's Opposition and the declaration from her counsel, which present a one-sided version of the parties' meet and confer efforts *before Plaintiff filed his TAC*. Those discussions have nothing to do with the deficiencies in the TAC, which is replete with new, immaterial and inflammatory allegations Plaintiff has raised in attempt to revive his dismissed claims.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Instead, the analysis requires consideration of factors such as job responsibilities, supervisory relationships, performance standards, and the nature of the alleged misconduct. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

In *Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003), the Ninth Circuit affirmed the dismissal of Title VII claims because the purported comparators were not similarly situated. To establish a prima facie case under Title VII, Leong needed to show that similarly situated individuals outside his protected class were treated more favorably. Unlike Leong, the purported comparators were not subject to a "Last Chance Agreement," which provided stricter conditions for continued employment due to Leong's history of violations. Furthermore, none of the comparators had accumulated a comparable record of misconduct. The court emphasized that employers must be allowed to differentiate discipline based on individual circumstances, particularly where employees have been granted prior leniency or are subject to specific conditions, and as such, "the district court did not err in holding that Leong failed to establish a prima facie case of discrimination." *Id*. at 1124. Similarly, Plaintiff has similarly failed to plead sufficient facts to show he is similarly situated to his purported comparators.

Here, Plaintiff merely alleges his comparators shared the same job title and also engaged in pursuits. This superficial similarity is insufficient under the standard articulated in *Leong*. Crucially, Plaintiff omits material distinctions, including but not limited to the alleged comparators' employment status, the nature of their alleged misconduct, the direct supervisors of each incident, or the supervisors who decided whether to initiate an investigation or impose discipline on the others.

Critically, Plaintiff does not specify the detail assignments of the White officers or whether their pursuits involved abandoning a detail. This is critical because he does not allege he was investigated and eventually terminated for merely engaging in a pursuit. Rather, he alleges he was investigated **for leaving his detail** to engage in the pursuit. TAC ¶ 26 ("[Sokoloff] was mad that Plaintiff did a traffic stop while he was assigned on a detail"). Plaintiff attempts to justify this misconduct in his TAC by claiming a "supervisor" ordered him to pursue the feeling suspect,

3

Defendants' Reply to Plaintiff Luckey's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint

12754245.1 PO090-043

but even if that were true, it is only a factor that may mitigate or explain the misconduct of leaving his detail to engage in a pursuit. There are no allegations that suggest that Sokoloff or the City did not consider this mitigating allegation when deciding whether he engaged in misconduct. Again, Plaintiff's superficial comparisons are insufficient to meet the similarly-situated standard.

Additionally, Plaintiff was a probationary employee (TAC ¶ 42), while there are no allegations in the TAC that the alleged "White" officers who were allegedly treated more favorably were also on probation. This distinction is significant, as probationary employees are subject to stricter scrutiny. *See Trejo v. County of Los Angeles*, 50 Cal.App.5th 129, 135 (2020) ("There are several differences between permanent and probationary employees from both the perspectives of the employee and their employer. [ ] [T]he crucial difference . . . is that it is much more difficult to terminate a permanent employee than it is to fire an employee on probation [Citation]").

Plaintiff fails to identify whether the comparator officers were subject to the same supervisors or disciplinary review processes, which is essential to determining whether the situations were analogous. TAC ¶¶ at 23, 25, 31, 35. "[T]o be deemed 'similarly-situated', the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards[,] and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Ferretti v. Pfizer Inc.*, No. 11-CV-04486, 2013 WL 140088, at *17 (N.D. Cal. Jan. 10, 2013). Here, Plaintiff has failed to allege whether he and his White comparators shared similar job responsibilities, worked under the same supervisors and subject to the same performance and conduct standards, or engaged in similar behavior without mitigating differences.

By neglecting these critical distinctions, Plaintiff fails to meet the "similarly situated" requirement as outlined in *Leong v. Potter*. Additionally, as the Ninth Circuit held in *Weil*, a plaintiff must plead more than general similarities; they must establish comparability "in all material respects." *Weil*, 922 F.3d at 1004. The superficial comparisons alleged in the TAC fall far short of this standard.

Finally, it should be noted that Plaintiff's interpretation of *Ballou v. McElvain*, 29 F.4th 413 (9th Cir. 2021) is overly narrow because it oversimplifies the Ninth Circuit's analysis of the "similarly situated" standard. The court did not hold that merely holding the same position and engaging in the same conduct is sufficient to establish comparability for purposes of discriminatory intent. Instead, the court considered multiple factors, including material similarities in position, conduct, and circumstances, while also emphasizing that the similarly situated standard is flexible and not rigidly confined to identical situations.

### 2. **Plaintiff Fails to Establish Other Circumstances Giving Rise to an Inference of Discrimination**

In the alternative, Plaintiff fails to plead sufficient "other circumstances" that plausibly suggest his termination was motivated by race discrimination. Instead, Plaintiff relies on conclusory allegations about Defendant Sokoloff's alleged religious beliefs, which fail to establish a causal link between those beliefs and Plaintiff's termination. (TAC ¶¶ 20, 50). Plaintiff's allegations lack specificity and fail to address critical questions, including: Whether Sokoloff was the decision-maker in Plaintiff's termination or merely one participant in the process and whether Plaintiff's termination letter—stating he failed to meet the standards of a probationary officer—was consistent with department practices for similarly situated employees. (TAC ¶ 42).

Plaintiff's reliance on vague allegations of Sokoloff's alleged bias and unrelated commentary is insufficient to support an inference of discrimination. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Without more specific allegations tying Sokoloff's alleged bias to Plaintiff's termination, these claims fail as a matter of law.

### B. **PLAINTIFF'S SECOND CLAIM UNDER 42 U.S.C. § 1983 IS BARRED BY THE COURT'S PRIOR ORDER AND THE STATUTE OF LIMITATIONS**

Plaintiff improperly seeks to reassert claims against Defendant Sokoloff that were dismissed with prejudice in the Court's prior order. The attempt to circumvent the Court's ruling lacks merit and should be rejected.

### 1. The Court Dismissed Plaintiff's § 1983 Claim Against Sokoloff with Prejudice

The Court explicitly dismissed Plaintiff's § 1983 claim against Sokoloff with prejudice insofar as it sought money damages for alleged interference with Plaintiff's right to intimate association. (Dkt. 37 at 11-13). Plaintiff now attempts to revive this claim by reframing it as a violation of his right to associate with a member of another race. However, this reframing does not alter the substance of the claim and directly contradicts the Court's prior ruling. See *Ketab Corp. v. Mesriani & Assocs.*, 2015 U.S. Dist. LEXIS 163133, at *8 (C.D. Cal. Dec. 4, 2015) (new legal claims cannot be raised after dismissal with prejudice).

Plaintiff argues that the Court "noted that Plaintiff's Section 1983 claim was also based on race discrimination." (Opp., 9:21-22.) Defendant believes Plaintiff's argument is incorrect. Plaintiff's argument is based on the Court's footnote 3, on page 8 of its Order (Dkt. 37), which states:

> Plaintiff's second claim alleges unlawful conduct by "intentionally discriminating against him on the basis of his race and interfering with his intimate relationship with a white, Hispanic, female co-worker." (SAC ¶ 25.) By this order, the court grants leave to amend as to the claims based on race discrimination. Therefore, the issue of qualified immunity is focused on the alleged right to intimate association.

Plaintiff's section 1983 claim was (and remains), at best, unclear. Defendant interpreted it as a claim alleging a violation of the right to associate, and it appears the Court did as well given that the Court's analysis addressed only the right to intimate association. Defendant interprets the Court's footnote as recognizing that it granted Plaintiff leave to amend his race discrimination claims (i.e., his first and fourth claims), not as an invitation for Plaintiff to recast his failed "right to intimate association claim" as a constitutional race discrimination claim against Sokoloff.

### 2. The § 1983 Claim is Time-Barred

To the extent Defendant is mistaken about the Court's footnote, and the Court allowing Plaintiff to recharacterize his dismissed "right to association" claim as a constitutional race discrimination claim, the new iteration of the claim is a new theory that neither Defendant nor the Court recognized in the SAC. Even if Plaintiff's claim could proceed under a new theory, it is

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

barred by the two-year statute of limitations applicable to § 1983 claims in California. See *Cal. Civ. Proc. Code § 335.1*. Plaintiff's allegations concern events that occurred in 2021, yet he first raised this purported "association" theory in his TAC filed on November 8, 2024—well beyond the two-year limitations period. (TAC ¶¶ 20, 45). Accordingly, the claim is untimely and must be dismissed.

### C. PLAINTIFF'S THIRD CLAIM UNDER ARTICLE I, SECTIONS 8 AND 31 OF THE CALIFORNIA CONSTITUTION LACKS LEGAL BASIS

Plaintiff's argument that Article I, Sections 8 and 31 of the California Constitution provide a standalone private right of action is legally unsupported and contrary to established precedent. California courts have consistently held that claims for employment discrimination must be brought under the Fair Employment and Housing Act ("FEHA"), which provides the exclusive statutory framework for such claims. See *Estes v. Monroe*, 120 Cal. App. 4th 1347, 1355 (2004). Article I, Section 8 of the California Constitution prohibits discrimination in employment, but it does not provide an independent cause of action outside FEHA. *Himaka v. Buddhist Churches of Am.*, 919 F. Supp. 332, 335 (N.D. Cal. 1995).

Similarly, Article I, Section 31 does not confer a private right of action for race discrimination. Plaintiff's reliance on Section 31(g) is misplaced, as that provision merely specifies the remedies available for claims properly brought under existing California antidiscrimination laws, such as FEHA. See *Connerly v. Schwarzenegger*, 146 Cal. App. 4th 739, 750–51 (2007). Plaintiff's argument that Article I, Section 31 of the California Constitution expressly provides a private right of action for damages is unsupported by the text of the provision or relevant case law. While Section 31 is self-executing, as stated in subdivision (h), and thus enforceable without enabling legislation, it does not explicitly create an independent private right of action for damages. Subdivision (g) further underscores this limitation by tying the remedies for violations of Section 31 to those available under "then-existing California antidiscrimination law." This language indicates that any remedies must be derived from established statutory frameworks, such as the FEHA, which explicitly provides private causes of action and remedies.

In addition, the cases Plaintiff cites in support of his argument recognize common law wrongful termination in violation of public policy causes of action against employers. It has been established repeatedly that a plaintiff cannot maintain common law causes of action against a public employer. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008).

## III.  CONCLUSION

The Court's order granting Defendant's motion to dismiss instructed that Plaintiff had a final opportunity to amend. Plaintiff's opposition fails to address the fundamental deficiencies in his TAC and instead relies on mischaracterizations of the Court's prior rulings and applicable law. For the reasons stated above, Defendant respectfully requests that the Court grant its Motion to Dismiss in its entirety, with prejudice.

Dated: January 31, 2025                                LIEBERT CASSIDY WHITMORE

By: _____
Jesse J. Maddox
Phil Bui
Attorneys for Defendants CITY OF PORTERVILLE and BRUCE SOKOLOFF

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **January 31, 2025,** I served the foregoing document(s) described as **DEFENDANTS' REPLY TO PLAINTIFF ANTHONY LUCKEY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

Lawrence J. King
LAW OFFICES OF LAWRENCE J. KING
11 Western Avenue
Petaluma, CA 94952
Telephone: (707) 769-9791
Facsimile: (707) 769-9253
Email: kingesq@pacbell.net

*Attorney for Plaintiff Anthony Luckey*

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of the Court's CM/ECF electronic filing system, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **January 31, 2025**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Maleena Srioudom

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

9
Proof of Service

12754245.1 PO090-043